NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARLENE NEIL, Administrator *ad prosequendum*, for the ESTATE OF SHELDON NEIL, | : : : : |
| | : |
| Plaintiff, | : |
| v. | : : |
| COUNTY OF ESSEX, ESSEX COUNTY CORRECTION FACILITY, ROY L. HENDRICKS, Director of Corrections, and CFG HEALTH SYSTEMS, LLC, | : : : : : |
| | : |
| Defendants. | : : |

**Civil Action No. 12-06392 (SRC)**

**OPINION**

**CHESLER**, District Judge

This matter is before the Court upon the partial motion to dismiss the Amended Complaint filed by Defendant CFG Health Systems, LLC ("CFG"), pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry 16.] Plaintiff Karlene Neil ("Plaintiff") – as administrator *ad prosequendum* for the estate of her husband, Sheldon Neil – has brought a suit for money damages pursuant to 42 U.S.C. § 1983 for alleged violations of her late husband's constitutional rights. Plaintiff's suit also asserts state law negligence and wrongful death causes of action grounded in medical malpractice.[1] Broadly speaking, the Amended Complaint alleges that Sheldon Neil committed suicide while confined to the Essex County Correctional Facility, and that the named Defendants are liable for "fail[ing] to attend to the needs of the deceased"

---

[1] The Court exercises jurisdiction over the § 1983 claims pursuant to 28 U.S.C. § 1331, and the state law claims are appropriately before the Court pursuant to 28 U.S.C. § 1367(a).

because Defendants knew Neil would try to kill himself and did nothing about it.  (See Am. Compl. ¶¶ 16-18, 19.)

CFG seeks dismissal of the negligence and wrongful death medical malpractice claims because Plaintiff has failed to provide an affidavit of merit ("AOM") within the time period prescribed by N.J. Stat. Ann. § 2A:53A-27.  (Mov. Br. at 6.)  Under New Jersey law, a malpractice plaintiff must provide the defendant, "within sixty days after the answer is filed [or 120 days with leave of Court], 'with an affidavit of an appropriate licensed person [stating] that there exists a reasonable probability' that the care which is the subject of the complaint falls outside acceptable professional standards."  Seldon v. Rebenack, Aronow & Mascolo, LLP, No. 13-1740, 2013 WL 5346485, at *1 (3d Cir. Sept. 25, 2013) (quoting N.J. Stat. Ann. § 2A:53A-27).[2]  The New Jersey legislature requires such a statement "to assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." Chamberlain v. Giampapa, 210 F.3d 154, 160 (3d Cir. 2000).  The Third Circuit, applying New Jersey law, instructs that "the consequences of a failure to file [an AOM] shall be the same as those of a failure to state a claim" – i.e., dismissal of the malpractice claim or claims with prejudice.  See id. (citing Cornblatt v. Barow, 708 A.2d 401, 415 (N.J. 1998)); N.J. Stat. Ann. § 2A:53A-29.

In this case, Plaintiff does not dispute that she was required to file an AOM.  Her claims against CFG for negligence and wrongful death request compensatory and punitive money damages and question whether the "care, skill or knowledge exercised" in treating Sheldon Neal "fell outside acceptable professional . . . standards or treatment practices."  See Couri v. Gardner,

---

[2] A malpractice plaintiff may provide, in lieu of an affidavit of merit, a sworn statement that meets the requirements of N.J. Stat. Ann. § 2A:53A-28.  It is undisputed that such a statement has not been provided here.

801 A.2d 1134, 1137 (N.J. 2002) (quoting N.J. Stat. Ann. § 2A:53A-27).   There is also no dispute that Plaintiff failed to file her AOM within the time period prescribed by New Jersey law.  CFG answered the Amended Complaint on April 15, 2013.  [Docket Entry 4.]  The AOM was therefore due by August 13, 2013 at the latest (assuming that the Court would have granted the statutory sixty-day extension had Plaintiff requested it).  Plaintiff, however, did not file an AOM until January 13, 2014, as an attachment to her Opposition to the instant motion to dismiss.[3]  As such, New Jersey law directs this Court to dismiss Plaintiff's malpractice claims against CFG with prejudice.  Cornblatt, 708 A.2d at 415.

New Jersey law does recognize certain limited exceptions to the AOM requirement.  See Alcius v. City of Trenton, No. 13-00716 (AET), 2013 WL 4780769, at *3 (D.N.J. Sept. 5, 2013) (discussing "extraordinary circumstances" and "substantial compliance" exceptions (citing, *inter alia*, Newell v. Ruiz, 286 F.3d 166, 169 (3d Cir. 2002))).  Here, however, Plaintiff does not argue that she qualifies for any exception that would excuse her failure to file an AOM.  Rather, Plaintiff cites to Ferreira v. Rancocas Orthopedic Assocs., 836 A.2d 779 (N.J. 2003), in which the New Jersey Supreme Court created a preventative "case management" scheme in malpractice cases to "ensure compliance with the discovery process . . . ."  Id. at 780.  Under Ferreira, a "case management conference" should be held "within ninety days of the service of an answer in all malpractice actions."  Id. at 785.  Plaintiff in effect contends that a Ferreira conference was never

---

[3] The affidavit, prepared by B. Sue Medley-Lane, R.N., may itself not meet the requirements of N.J. Stat. Ann. §§ 2A:53A-41(a) or (b), which establish certain minimum qualifications for individuals who prepare AOMs for medical malpractice actions.  See N.J. Stat. Ann. § 2A:53A-27.  It appears Medley-Lane is an expert in infectious diseases, specifically in the correctional or prison setting.  (See Opp. Br., Ex. 1.)  It is therefore unclear what guidance she could provide the Court regarding CFG's failure to diagnose, treat, or account for Sheldon Neil's increased risk of suicide.  The Court need not resolve this issue here, however, because the AOM is otherwise fatally non-compliant with Section 2A:53A-27.

conducted in this case, and thus the Court should excuse the failure to provide the necessary

AOM within the requisite time frame.  (See Opp. Br. at 2.)

This argument is meritless.  The New Jersey Supreme Court has held that "the absence of

a Ferreira conference cannot toll the [AOM statute's] legislatively prescribed time frames."

Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 997 A.2d 982, 987 (N.J. 2010).  Indeed, in

that same case the court counseled against the very approach Plaintiff takes in this case – "going

forward, reliance on the scheduling of a Ferreira conference to avoid the strictures of the [AOM]

statute is entirely unwarranted and will not serve to toll the statutory time frames."  Id. at 988.

Thus, even if a post-Answer conference within the ambit of Ferreira was never held in this case,

it would be of no moment to the present motion.  It therefore gilds the lily to point out, as CFG

does here, that an initial pretrial conference was indeed held before the Magistrate Judge within

ninety days of CFG's Answer being filed, and that Plaintiff was free to address her AOM

requirement at that conference but apparently chose not to.  (See Reply Br. at 5.)[4]

In all events, New Jersey law requires malpractice plaintiffs to provide an Affidavit of

Merit no later than 120 days after service of the Answer.  Plaintiff did not do so in this case, and

has presented to the Court no valid reason to excuse her failure.  To the extent they are asserted

against Defendant CFG Health Systems, LLC, the second and sixth causes of action asserted in

the Amended Complaint – claims for negligence and wrongful death, respectively – are

dismissed with prejudice.  See Cornblatt, 708 A.2d at 415.  An appropriate Order shall be filed

herewith.

---

[4] The Court also notes that Plaintiff has offered no authority to support the proposition that a
federal district court exercising federal question jurisdiction is "required to follow case
management procedures imposed on New Jersey trial courts by the New Jersey Supreme Court."
See Vitale v. Carrier Clinic, 409 F. App'x 532, 535 (3d Cir. 2010) (referencing diversity
jurisdiction); New Hampshire Ins. Co. v. Diller, 678 F. Supp. 2d 288, 311 (D.N.J. 2009) (same).

                                   _____s/ Stanley R. Chesler_____
                                     STANLEY R. CHESLER
                                   United States District Judge

Dated: February 27, 2014